■ SYDNIE C. WITTNER, Appellant, v IDS INSURANCE COMPANY OF NEW YORK, Respondent. — In an action to collect the proceeds of a life insurance policy, plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 21, 1982, which granted defendant's motion for summary judgment and denied plaintiff's cross motion to direct an examination before trial and to compel the production of certain documents. Order reversed, without costs or disbursements, plaintiff's cross motion is granted and defendant's motion for summary judgment is denied with leave to renew if defendant be so advised, upon completion of plaintiff's discovery of it. Plaintiff's husband died, apparently as a result of an automobile accident, on September 21, 1979. As his beneficiary under a life insurance policy issued by defendant on April 15, 1979, plaintiff filed a claim. Upon defendant's refusal to pay on the policy, this suit ensued. Defendant maintains that it issued the policy relying on material misrepresentations, found in the decedent's application, which pertain to the decedent's prior medical history. Plaintiff concedes, for purposes of this appeal, that the application contained misrepresentations, as stated by defendant insurance company. That being the case, the only issue that need concern us is whether the misrepresentations were material as a matter of law (see *Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271; *Vander Veer v Continental Cas. Co.,* 34 NY2d 50). "To meet [its] burden [of proving materiality], defendant must adduce proof as to its underwriting practices with respect to applicants with such a history (see Insurance Law, § 149, subd 3)" (*Di Pippo v Prudential Ins. Co.,* 88 AD2d 631). In support of its motion for summary judgment, defendant submitted affidavits from two underwriting officers employed by it. The following statement is contained in both affidavits: "That MR. WITTNER'S FAILURE TO DISCLOSE HIS MEDICAL HISTORY PREVENTED IDS FROM PROPERLY EVALUATING THE RISK. THAT THE OMITTED INFORMATION AND THE MISSTATED INFORMATION WAS [*sic*] material to our acceptance of that risk. That had IDS know MR. WITTNER's true medical history, it would have been prohibited from writing a policy covering MR. WITTNER's life, by its underwriting standards." No further evidence was proffered relative to defendant's policies and practices of accepting or rejecting applicants with similar histories to that of the decedent. Generally, a conclusory statement by an insurance company employee that the company would not have insured the applicant if it had known his or her true medical history is, in and of itself, insufficient to establish that a misrepresentation was material. Documentation, such as the insurance company's underwriting manuals, rules or bulletins, which pertain to insuring similar risks, should be submitted (*Lindenbaum v Equitable Life Assur. Soc.,* 5 AD2d 651; *Brown v Metropolitan Life Ins. Co.,* 41 AD2d 930). Plaintiff's request for an examination before trial and for inspection of certain documentation is designed to disclose just the sort of evidence which is necessary in order to properly evaluate the question of materiality. Such discovery should be allowed to proceed. After it is complete, defendant may

renew its motion for summary judgment, if it be so advised. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.