■ DONNA L. GIBBONS, Appellant, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent. (Appeal No. 1.) [643 NYS2d 462] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present— Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ DONNA L. GIBBONS, Appellant, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent. (Appeal No. 2.) [643 NYS2d 847] —Judgment unanimously reversed on the law without costs, motion denied, complaint reinstated and cross motion denied. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint in which plaintiff sought to recover the proceeds of a group credit life insurance policy issued by the John Hancock Mutual Life Insurance Co. (defendant). Within two years prior to his death, plaintiff's husband, Paul Gibbons (decedent), completed an application for group mortgage life insurance coverage underwritten by defendant. On that application, decedent disclosed that during the previous three years he had been hospitalized or had consulted a physician and indicated the name of his doctor. He also answered "yes" to whether he had been treated or diagnosed by a physician for having any of many enumerated health problems, including high blood pressure and diabetes. The application then stated that, "[i]f the answer to any health question is 'yes', give complete details as specified below". Under the heading entitled "AILMENT OR INJURY", decedent stated "none". Under the heading entitled "DATES * * * FROM[/]TO", he responded "9/14/90". Under the heading entitled "TREATMENT", he stated "checkup and

tests—no treatment". Based upon that application, defendant issued a group credit life insurance policy to plaintiff and her husband in January 1992.

On April 11, 1993, while the policy was in full force and effect, decedent died as a result of a sudden heart attack. Plaintiff notified defendant of her husband's death and made a demand for payment. Because decedent, a named insured, had died within the two-year contestability period, defendant conducted an investigation. During that investigation, defendant discovered that decedent had been hospitalized and treated for diabetes and hypertension in September 1990. Defendant denied plaintiff's demand for payment, claiming that decedent had made a material misrepresentation concerning his health history in the application, and, as a result, defendant had been fraudulently induced to issue the policy. Plaintiff commenced this action to recover the proceeds of the policy. Following joinder of issue, defendant made a motion for summary judgment and plaintiff cross-moved for summary judgment.

To prevail on its motion for summary judgment, defendant was required to establish that decedent's alleged inaccurate statements were material. "To demonstrate materiality as a matter of law, an insurer need only show that the misrepresentation ' "*substantially* thwarts the purpose for which the information is demanded and *induces action which the insurance company might otherwise not have taken*" ' (*Geer v Union Mut. Life Ins. Co.*, 273 NY 261, 271)" (*Aguilar v United States Life Ins. Co.*, 162 AD2d 209, 210-211; *see, Ferris v Columbian Mut. Ins. Co.*, 190 AD2d 1061, 1062). "Generally, a conclusory statement by an insurance company employee that the company would not have insured the applicant if it had known his or her true medical history is, in and of itself, insufficient to establish that a misrepresentation was material" (*Wittner v IDS Ins. Co.*, 96 AD2d 1053). The conclusory evidence submitted by defendant in support of its motion for summary judgment does not establish, as a matter of law, that defendant would have rejected decedent's application if it had been more complete (*see, McDaniels v American Bankers Ins. Co.* [appeal No. 2], 227 AD2d 951 [decided herewith]; *Sonkin Assocs. v Columbian Mut. Life Ins. Co.*, 150 AD2d 764). On this record, we conclude that there is a material issue of fact whether decedent made a material misrepresentation about his health history in the application for insurance. Therefore, neither party is entitled to summary judgment. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.