**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and Nationwide Mutual Insurance Company, Plaintiffs,**

v.

**Serafina PASCARELLA and Antonio Pascarella, Defendants.**

**No. 97–CV–35 (FJS)(DNH).**

United States District Court, N.D. New York.

Feb. 6, 1998.

Law Office of Roy A. Mura, Buffalo, NY (Roy A. Mura, of counsel), for Plaintiffs.

Falco & Sobolevsky, Syracuse, NY (Andre R. Sobolevsky, of counsel), for Defendants.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiffs, Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company (collectively "Nationwide"), brought this action seeking the rescission of a homeowners insurance policy and an automobile insurance policy issued to the Defendants, Serafina Pascarella and Antonio Pascarella. The Court has subject matter jurisdiction to entertain this action under jurisdiction to entertain this action under 28 U.S.C. § 1332. Presently before the Court is Nationwide's motion for summary judgment brought pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

### Background

On February 7, 1994, Serafina Pascarella submitted a written and signed application to Nationwide for automobile insurance. A question on the application inquired whether she or any household member had any outstanding judgments against them in the past seven years. The answer to the question was "no." Based on this representation, Nationwide issued Century II Auto Policy number 66P479310 to the Defendants.

On November 3, 1995, Antonio Pascarella submitted a written and signed application for homeowners insurance seeking to insure the Defendants' primary residence located at 7755 Tirrell Hill, Liverpool, New York. Questions on the application included: (1) whether there were any past judgments against the applicant or household member; and (2) whether there were any prior losses to or in connection with the property. The answers the Defendant provided for each question was "no." Based upon these representations, Nationwide issued Golden Blanket Homeowners Insurance Policy number 6631HO116451 to the Defendants.

On August 22, 1996, the Defendants' residence and automobile were damaged and/or destroyed by fire. Thereafter, the Defendants submitted insurance claims to Nationwide under both policies. During the course of an investigation, Nationwide discovered that: (1) at the time the automobile insurance application was submitted, four outstanding judgments existed against Defendant Antonio Pascarella; and (2) at the time the homeowners insurance application was signed, six outstanding judgments and six prior losses in connection with the primary residence existed against the Defendants. Because the investigation revealed misrepresentations in the applications, Nationwide refused to honor the Defendants' loss claims and brought this action to rescind both policies on the ground of material misrepresentation.

Presently, Nationwide seeks summary judgment on the ground that the misrepresentations regarding the outstanding judg-

ments and prior losses were material as a matter of law.

### Discussion

Under Federal Rule of Civil Procedure 56(c), summary judgment is warranted if, after reviewing all the evidence, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has set forth the basis for its motion, it is incumbent on the non-moving party to come forth with specific facts showing that there are genuine issues. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See id.*

Additionally, under Local Rule 7.1(f), upon bringing a summary judgment motion, the moving party must serve and file a statement of undisputed material facts.[1] *See* N.D.N.Y.L.R. 7.1(b)(f). In response, the non-moving party is required to submit a statement listing the material facts the non-moving party contends are in dispute.[2] *See id.* If the non-moving party fails to do this, the material facts as set forth in the moving party's statement are deemed admitted. *See id.*

In this case, Nationwide, as the movant, submitted its Rule 7.1(f) Statement of Undisputed Material Facts. Defendants, however, did not file a responding statement. Therefore, Defendants admit the following material facts as set forth in Nationwide's statement: (1) Defendants made misrepresentations in the insurance applications; and (2) Nationwide relied on these false statements by issuing both policies. Thus, the only issue before

the Court is whether the misrepresentations were "material" as a matter of law.[3]

### I. The Automobile Insurance Policy

Nationwide argues that Defendant Serafina Pascarella falsely represented that there were no outstanding judgments against her or any member of her household. Under the underwriting guidelines for the Century II Auto Policy, Nationwide contends it is prohibited from issuing a policy to any individual who has any outstanding judgments within the past seven years. Defendants have not set forth any arguments to dispute the materiality of the misrepresentations on the application for automobile insurance.

Under New York law, an insurance company is entitled to the rescission of a policy if the company relied on a material misrepresentation made by the insured in his or her application by issuing the policy. *See* N.Y. Ins. Law § 3105(a); *Tannenbaum v. Provident Mutual Life Ins. Co.,* 53 A.D.2d 86, 386 N.Y.S.2d 409, 417 (1st Dep't 1976); *Mutual Benefit Life Ins. Co. v. JMR Electronics Corp.,* 848 F.2d 30, 32 (2d Cir.1988). Rescission is available even if the material misrepresentation was innocently or unintentionally made. *See Mutual Benefit Life Ins. Co.,* 848 F.2d at 32. A misrepresentation will be "material" if knowledge by the insurance company of the misrepresented fact would have resulted in a refusal to issue the same exact policy. *See* N.Y. Ins. § 3105(b); *Christiania General Ins. Corp. v. Great Am. Ins. Co.,* 979 F.2d 268, 279 (2d Cir.1992). Generally, the determination of materiality is a question of fact for the jury; however, when the evidence is clear and uncontroverted, a court may decide the issue as a matter of law. *See Tannenbaum,* 386 N.Y.S.2d at 417; *Christiania,* 979 F.2d at 278.

---

**1.** The moving party must also provide the specific citations to the part of the record in which the material fact is established.

**2.** The non-movant must provide specific citations to the portion of the record from which the material factual issue arises.

**3.** Nationwide's statement also provides the uncontroverted factual basis for categorizing the misrepresentations as "material," and thus under the Local Rule, the Court could also deem materiality to have been an uncontested fact. However, the Court believes it more prudent to engage in analyzing whether Nationwide has submitted sufficient evidence to establish materiality as a matter of law.

■ Materiality as a matter of law may be established on a summary judgment motion through the submission of documentation such as the insurer's underwriting manual which pertains to insuring similar risks, and testimony of the insurer's underwriter or other qualified employee. The evidence must clearly show that the misrepresentation substantially thwarted the purpose for which the information was demanded and induced an action which the insurer would not have otherwise taken. *See Wittner v. IDS Ins. Co.*, 96 A.D.2d 1053, 466 N.Y.S.2d 480, 481 (2d Dep't 1983); *Cohen v. Mutual Benefit Life Ins. Co.*, 638 F.Supp. 695, 697 (E.D.N.Y. 1986); *see also Gibbons v. John Hancock Mutual Life Ins. Co.*, 227 A.D.2d 963, 643 N.Y.S.2d 847, 848 (4th Dep't 1996).

■ With regard to the automobile insurance policy, Nationwide has submitted the affidavit of James R. Wiginton, an underwriting specialist. In this affidavit, Mr. Wiginton unequivocally stated that the existence of outstanding judgments against a proposed insured or household member is essential to assessing the risk Nationwide was willing to accept because the underwriting policies of the Century II Auto Policy prohibits the issuance of the policy to anyone with outstanding judgments. Furthermore, Nationwide submitted the policy's underwriting standards which corroborates Mr. Wiginton's statements. (Wiginton Aff. Ex. D).[4] In this case, there were four outstanding judgments totaling $15,153.49 which were entered against Defendant Antonio Pascarella, a member of the applicant Defendant Serafina Pascarella's household.[5] Therefore, Nationwide has submitted clear and uncontroverted

evidence, that if the true facts were known, a Century II Auto Policy would not have been issued to an individual with a similar financial history as the Defendants.

## II. The Homeowners Insurance Policy

Nationwide argues that Defendant Antonio Pascarella falsely represented that there were no outstanding judgments against himself or any member of his household and that no prior losses in connection with the Defendants' residence. Nationwide further contends that under its underwriting manual for the Golden Blanket Homeowners Insurance Policy, it was prohibited from issuing a policy to individuals with a similar history. Again, Defendants did not argue that the misrepresentations were immaterial.

■ Applying the same legal standard for determining materiality as a matter of law as noted in the previous section, the Court finds that Nationwide has submitted sufficient clear and uncontroverted evidence of the materiality of the misrepresentations contained in the homeowners insurance policy. Nationwide submitted the affidavit of Mr. Wiginton and the underwriting standards for the Golden Blanket Homeowners Insurance Policy. (Wiginton Aff. Ex. F.) Based on this evidence, prior losses and outstanding judgments are controlling factors in deciding whether to issue the policy as the underwriting manual prohibits the issuance of the Golden Blanket policy if there are prior losses or outstanding judgments.[6] Clearly, the homeowners policy would not have been issued to applicants, like Defendants, who had six outstanding judgments totaling $28,082.20 [7] and six prior loss claims in the past

---

4. The underwriting standard states, in relevant part, "Decline any prospect with any one of the following characteristics ... financial irresponsibility." (Wiginton Aff. Ex. D, at IS–4.)

5. In an affidavit, David A. Scharoun, a Special Investigator in the Special Investigative Unit of Nationwide, stated that during the investigation of the house fire he went to the Office of the Onondaga County Clerk and found the following judgments filed against Antonio Pascarella: August 29, 1990 in the amount of $1,142.58; October 18, 1992 in the amount of $11,670.00; May 23, 1991 in the amount of $782.94; and April 14, 1992 in the amount of $1,557.97. (Scharoun Aff. Ex. A).

6. The Homeowners Insurability Standards lists "any losses in the preceding three years" and "applicants who have an unfavorable credit history," as risks which render an applicant ineligible for homeowners insurance. (Wiginton Aff. Ex. F, at HIS–4 & HIS–6.)

7. In addition to those listed in footnote 5, the following judgments were also found: July 6, 1995 in the amount of $561.06; and August 17, 1995 in the amount of $12,367.65. (Scharoun Aff.)

three years in connection with the property totaling $12,403.89.[8]

In sum, the evidence submitted by Nationwide unequivocally shows that the misrepresentations regarding the lack of outstanding judgments and prior losses were material as a matter of law. Nationwide was induced to accept risks which it might have otherwise refused to insure because of the Defendants' material misrepresentations in their applications. Therefore Nationwide's motion for summary judgment is granted.[9]

### Conclusion

After reviewing the entire file in this matter, the submissions of the parties, and the applicable law, it is hereby

ORDERED that the summary judgment motion brought by Plaintiffs, Nationwide, is GRANTED; it is further

ORDERED that Golden Blanket Homeowners Policy number 6631HO116451 and Century II Auto Policy number 66P479310 are RESCINDED.

**IT IS SO ORDERED.**

---

8. Mr. Scharoun discovered the six claims regarding the property losses that were omitted on the insurance application. Nationwide also submitted an affidavit from Michael D. Byrne, a Special Investigator for Royal Ins. Co., who found records regarding Defendants' March 17, 1993 claim due to snow in the amount of $757.51; October 7, 1993 claim regarding theft of jewelry in the amount of $392.00; and February 1, 1994 claim due to snow in the amount of $1,408.00. Additionally, Nationwide has submitted an affidavit from Paul M. Silvia, a Claims Manager for National Grange Mutual Ins. Co., who retrieved and attached Grange's computer records indicating Defendants' loss claims on April 1, 1992 due to theft in the amount of $5,535.73 and August 4, 1992 claim due to a hail storm in the amount of $1,030.00.

9. Defendants argue that the insurance agent had knowledge of the misrepresentations and that this knowledge should be imputed to Nationwide thereby waiving the right to rescind the policies. However, no evidence has been submitted which even suggests that the agents had any knowledge, actual or constructive, that the representations were incorrect. In fact, Defendants submitted no evidence in opposition to Nationwide's motion for summary judgment. Therefore, this assertion by Defendants is meritless.

Additionally, Defendants argue that Serafina Pascarella is an "innocent co-insured" of the homeowners policy and as such is entitled to one-half of the claim. This doctrine is applicable only in a rare situation where (1) *no* material misrepresentation has been made in the application, and (2) one insured commits arson upon the premises *without* the other insured's knowledge. *See Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55 (2d Cir.1984); *Winter v. Aetna Casualty & Surety Co.,* 96 Misc.2d 497, 409 N.Y.S.2d 85 (1978). Therefore, doctrine is inapplicable here because there were material misrepresentations, and once rescinded, there is no insurance contract to recover under.