■ PENN MUTUAL LIFE INSURANCE COMPANY, Appellant, v WILLIAM C. REMLING, Defendant and Third-Party Plaintiff-Respondent. JAMES NUZZI, C.L.U., Third-Party Defendant-Appellant. [702 NYS2d 375] —In an action for a judgment declaring that the plaintiff is entitled to rescind a certain policy of disability insurance issued to the defendant based upon alleged material misrepresentations made by him, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated November 19, 1998, as denied his cross motion for summary judgment dismissing the third-party complaint and the

plaintiff separately appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the second cause of action in the third-party complaint, and substituting therefor a provision granting that branch of the cross motion of the third-party defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Insurance Law § 3105 (b) provides that for a misrepresentation to warrant the voiding of an insurance policy, the misrepresentation must be material, meaning that had the insurer known the truth, it would not have issued the policy (see, Gugleotti v Lincoln Sec. Life Ins. Co., 234 AD2d 514). In this case, the claim of the defendant third-party plaintiff, William C. Remling, resulted from an allegedly disabling shoulder injury. The plaintiff, Penn Mutual Life Insurance Company (hereinafter Penn Mutual) has not demonstrated, as a matter of law, that it would not have issued a disability policy covering injuries to Remling's shoulder had it known about his preexisting back condition. Any misrepresentations by Remling as to the condition of his back were not material misrepresentations per se, allowing Penn Mutual to void the policy based on Remling's claim for benefits as a result of his shoulder injury. Therefore, the Supreme Court properly denied Penn Mutual's cross motion for summary judgment.

The court also correctly denied that branch of the cross motion of the third-party defendant, James Nuzzi, C.L.U. (hereinafter Nuzzi), which was for summary judgment dismissing the first cause of action in the third-party complaint. Remling claims that Nuzzi advised him not to reveal the preexisting back condition to Penn Mutual when he applied for the disability policy. Therefore, if Penn Mutual is allowed to cancel the policy, Nuzzi should be responsible for payment of the disability benefits to which Remling would have been entitled (see, Soho Generation v Tri-City Ins. Brokers, 256 AD2d 229). In light of the sharply conflicting evidence as to whether Nuzzi, in his role as Penn Mutual's agent, urged Remling to conceal his back condition, he has failed, as a matter of law, to establish his entitlement to summary judgment dismissing the first cause of action asserted in the third-party complaint. Under the circumstances, however, Nuzzi is not responsible for the legal expenses incurred by Remling in his defense of the main action (see, Chase Manhattan Bank v Each Individual Under-

*writer Bound to Lloyd's Policy No. 790/004A89005, 258 AD2d 1*). Accordingly, Nuzzi is entitled to summary judgment dismissing the second cause of action in the third-party complaint.

The parties' remaining contentions are without merit. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.