■ JOHN D. McLAUGHLIN, Appellant-Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Also Known as NATIONWIDE INSURANCE, Respondent-Appellant, and MICHAEL A. ATTANASIO AGENCY, INC., Respondent. [777 NYS2d 773]—

Peters, J. (1) Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered March 10, 2003 in Saratoga County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, and (2) appeal from the judgment entered thereon.

In February 1990, plaintiff obtained a homeowners insurance policy for a vacant dwelling located in the Town of Waterford, Saratoga County, from defendant Nationwide Mutual Fire In-

surance Company through its agent, defendant Michael A. Attanasio Agency, Inc. In October 1996, the dwelling was destroyed by a fire. After an investigation, Nationwide determined that, due to material misrepresentations made in the application for insurance, it was rescinding the policy since the premises were never owner-occupied as represented by plaintiff and because plaintiff failed to disclose his prior claims history. Nationwide further asserted that even if the policy was not rescinded for the aforementioned reasons, an exclusionary clause in the policy precluded coverage.

Plaintiff commenced separate actions against defendants which were consolidated into this action. After limited discovery, each defendant separately moved, on multiple grounds, for summary judgment. Supreme Court granted both motions and entered judgment upon its order. Plaintiff appeals from both the order and judgment and Nationwide cross-appeals only upon the denial of its counterclaim supporting the rescission of the policy.

We find merit to Nationwide's contention that the insurance policy contained material misrepresentations which warranted rescission. It is uncontroverted that despite plaintiff's representation in his original application that the premises were owner-occupied with five occupants, the premises had been continuously unoccupied through the time of the fire. Plaintiff, through deposition testimony and affidavit, asserts that at the time of his application for insurance, he intended to move into such home with his family. His material misrepresentation, even if innocent or unintentional, is sufficient to warrant a rescission of the policy (*see Nationwide Mut. Fire Ins. Co. v Pascarella*, 993 F Supp 134, 136 [1998]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 436-437 [2003]). Plaintiff must be held to have conclusive presumptive knowledge that the insurance policy and its subsequent annual renewals for six years covered an occupied residence rather than vacant premises, because such terms were clearly detailed in the policy (*see Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 437, 438; *Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912-913 [2001]; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 12 [1999]; *Brownstein v Travelers Cos.*, 235 AD2d 811, 813 [1997]; *Madhvani v Sheehan*, 234 AD2d 652, 654-655 [1996]; *Rogers v Urbanke*, 194 AD2d 1024, 1025 [1993]). With Nationwide thereafter proffering sufficient proof that plaintiff's misrepresentation was material, in that it would have refused to issue the exact same policy had it known of such facts (*see Nationwide Mut. Fire Ins. Co. v Pascarella, supra* at 136; *com-

*pare Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 437-438; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]), we fail to find a viable issue of fact which would preclude summary judgment either due to plaintiff's or the agency's mistake (*see Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 437; *Bloom v Mutual of Omaha Ins. Co.*, 161 AD2d 1047, 1049 [1990]). In light of this determination, Nationwide's argument concerning the exclusionary clause is academic.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment are modified, on the law, with one bill of costs to defendants, by reversing so much thereof as denied that part of the motion by defendant Nationwide Mutual Fire Insurance Company for summary judgment on its first counterclaim, motion granted to the extent of declaring that said defendant's insurance policy with plaintiff is void; and, as so modified, affirmed.