■ Timothy Edwards, as Executor of Jgwo Edwards, Deceased, Respondent-Appellant, v United States Liability Insurance Company, Appellant-Respondent. [790 NYS2d 32]—

In an action, inter alia, to recover damages for breach of an insurance policy in which the defendant counterclaimed to rescind the policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated May 20, 2003, as denied its cross motion for summary judgment on its counterclaims, and granted that branch of the plaintiff's motion which was for summary judgment dismissing its first counterclaim for rescission based upon misrepresentation, and the plaintiff cross-appeals from so much of the same order as denied those branches of his motion which were for summary judgment on the issue of liability and for summary judgment dismissing the defendant's second counterclaim for rescission based upon noncompliance with the terms of a protective safeguards endorsement.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff's decedent, Jgwo Edwards, purchased a policy of liability insurance from the defendant for a mixed-use building in Hempstead, consisting of a store and two apartments. The building was damaged in a fire, following which the plaintiff's decedent submitted a claim to the defendant. The defendant rejected the claim. The plaintiff's decedent then commenced this action. The defendant counterclaimed for a judgment declaring its right to rescind the policy, contending, inter alia, that the plaintiff's decedent had made material misrepresentations when he obtained the policy from the defendant's predecessor-in-interest, Calvert Insurance Company (hereinafter Calvert), and because he failed to comply with the terms of a protective safeguards endorsement in the pertinent renewal, pursuant to which he was obligated to maintain functional smoke detectors.

The Supreme Court correctly determined that the defendant was not entitled to a declaration that it had the right to rescind the policy due to the alleged material misrepresentation by the plaintiff's decedent that the building contained two residential apartments rather than multiple single-room occupancies. The defendant failed to prove, as a matter of law, that the plaintiff's decedent made any misrepresentations to Calvert or to the defendant, or that the defendant relied thereupon in renewing the subject policy (see *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713 [2001]; *Penn Mut. Life Ins. Co. v Remling*, 268 AD2d 572 [2000]; cf. *McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739 [2004]). Moreover, the plaintiff demonstrated as a matter of law that no misrepresentation was made to induce the defendant to issue or renew the subject policy. The Supreme Court thus correctly denied that branch of the defendant's cross motion which was for summary judgment declaring that it was entitled to rescind the policy due to an alleged misrepresentation, and correctly granted the branch of the plaintiff's motion which was for summary judgment dismissing the defendant's first counterclaim.

Furthermore, in light of the numerous issues of fact concerning the presence or absence of smoke detectors in the subject premises, the Supreme Court correctly denied both parties' respective summary judgment motions with regard to the defendant's second counterclaim, which sought to rescind the policy based upon the absence of such smoke detectors.

The parties' remaining contentions are without merit. S. Miller, J.P., Ritter, Goldstein and Mastro, JJ., concur.