Baron v New York Mut. Underwriters (2020 NY Slip Op 01593)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Baron v New York Mut. Underwriters

2020 NY Slip Op 01593

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10877
(Index No. 63658/13)

[*1]John Baron, et al., respondents-appellants,
vNew York Mutual Underwriters, et al., respondents, Karis & Karis, Inc., appellant-respondent.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant-respondent.
Greenblatt & Agulnick, P.C., Great Neck, NY (Scott E. Agulnick of counsel), for respondents-appellants.
Galvano & Xanthakis, P.C., Staten Island, NY (Steven F. Granville and Anthony Xanthakis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and negligence, the defendant Karis & Karis, Inc., appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), entered September 15, 2016. The order, insofar as appealed from, denied that branch of the plaintiffs' motion, in which the defendant Karis & Karis, Inc., joined, which was for summary judgment on the issue of liability against the defendant New York Mutual Underwriters and granted that branch of the plaintiffs' motion which was to preclude evidence obtained by the defendant New York Mutual Underwriters at the July 10, 2015, examination under oath of the plaintiff Michael Baron. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the defendant New York Mutual Underwriters and to impose sanctions and for an award of costs and attorneys' fees against, among others, the defendants New York Mutual Underwriters and P. Turim Insurance Agency, Inc.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants New York Mutual Underwriters and P. Turim Insurance Agency, Inc., payable by the appellant-respondent and the respondents-appellants.
The plaintiffs are co-owners of property located in Dix Hills. The plaintiffs went to the defendant Karis & Karis, Inc. (hereinafter the Karis firm), an insurance broker, to procure fire insurance for the property. The Karis firm procured fire insurance for the property through another insurance broker, the defendant P. Turim Insurance Agency, Inc. (hereinafter P. Turim). The Karis firm prepared an insurance application to procure the insurance. The plaintiffs allege that with regard to the question on the application, "Have you had any losses in the past 5 years, at this property, or any property in which you had a financial interest," Michael requested clarification as to whether the term "losses" referred to prior insurance claims. A member of the Karis firm allegedly stated that the term "losses" in the application was synonymous with "claims" and did not [*2]refer to prior incidents of property damage. Thus, Michael responded "No" to that question. The Karis firm denied advising Michael that the term "losses" was synonymous with "claims." Michael alone executed the insurance application. The defendant New York Mutual Underwriters (hereinafter NYMU) issued a policy naming Michael and the plaintiff John Baron as insureds. While the policy was in effect, the property was damaged by a fire. The plaintiffs submitted a claim, but NYMU advised the plaintiffs that the insurance policy was being cancelled "ab initio" because Michael made material misrepresentations on the insurance application as to, inter alia, whether he had had any losses in the past five years with regard to the subject property.
The plaintiffs commenced the instant action, inter alia, to recover damages for breach of contract. The plaintiffs moved, inter alia, (1) for summary judgment on the issue of liability against NYMU on the ground that the term "losses" in the insurance application was ambiguous, and therefore, there was no material misrepresentation in the application for insurance; (2) for summary judgment in favor of John on the ground that he was an "innocent coinsured"; (3) to preclude any evidence, including the July 10, 2015, examination under oath testimony of Michael, regarding the instant action obtained by Bruce W. Farquharson, counsel for NYMU, without the knowledge or consent of Michael's attorney herein; and (4) to impose sanctions and for an award of costs and attorneys' fees against, among others, NYMU and P. Turim. The Karis firm joined in that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against NYMU, and opposed that branch of the motion which was to preclude evidence in connection with Michael's testimony. NYMU and P. Turim opposed the motion.
The Supreme Court denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against NYMU, determining that the plaintiffs failed to establish that the term "losses" was ambiguous and that there were triable issues of fact as to what representations were made by a representative of the Karis firm concerning the explanation of the word "losses." The court also determined that the "innocent coinsured" doctrine did not apply under the circumstances of this case. In addition, the court found that Farquharson committed a violation of the Rules of Professional Conduct that rendered Michael's testimony inadmissible. Finally, the court denied that branch of the plaintiffs' motion which was to impose sanctions and for an award of costs and attorneys' fees against NYMU, P. Turim, and others.
"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (White v Continental Cas. Co., 9 NY3d 264, 267 [citation omitted]). Any ambiguity must be construed against the insurer as drafter of the policy (see id. at 267; Essex Ins. Co. v Laruccia Constr., Inc., 71 AD3d 818, 819). However, parties cannot create ambiguity from whole cloth where none exists, because provisions "are not ambiguous merely because the parties interpret them differently" (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352). Rather, "the test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech" (Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326-327 [citations omitted]; see Cragg v Allstate Indem. Corp., 17 NY3d 118).
Here, we agree with the Supreme Court that the plaintiffs failed to establish that the term "losses" was ambiguous (see Proc v Home Ins. Co., 17 NY2d 239; D'Angelo v Allstate Ins. Co., 126 AD3d 931; Vaccaro v New York Cent. Mut. Fire Ins. Co., 116 AD3d 839; Roberts v New York Prop. Ins. Underwriting Assn., 253 AD2d 807; Costello v Allstate Ins. Co., 230 AD2d 763). We also agree with the court's determination that the plaintiffs failed to establish, prima facie, that the "innocent coinsured" doctrine was applicable (see Nationwide Mut. Fire Ins. Co. v Pascarella, 993 F Supp 134, 138 n 9 [ND NY]; cf. Krupp v Aetna Life & Cas. Co., 103 AD2d 252).
We also agree with the Supreme Court's determination to preclude Michael's testimony obtained without his counsel present (see Matter of Awan v Awan, 75 AD3d 597).
The plaintiffs' remaining contention is without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court