■     DESIGNCRAFT JEWEL INDUSTRIES, INC., Respondent, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant, et al., Defendant. DESIGN-

CRAFT JEWEL INDUSTRIES, INC., Plaintiff, v GLEICHER-LOWENFELD, INC., et al., Defendants.—Order, Supreme Court, New York County, entered March 25, 1977, denying the motion of St. Paul Fire and Marine Insurance Company for renewal and adhering to the denial of St. Paul's motion for summary judgment, unanimously reversed, on the law, renewal granted, and, upon renewal, the defendant St. Paul's motion for summary judgment is granted, the complaint dismissed and the action severed as to it, and plaintiff's cross motion for summary judgment is denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Appeal from the order of the Supreme Court, New York County, entered September 19, 1976, unanimously dismissed, as academic, without costs or disbursements. St. Paul Fire and Marine Insurance Company issued a jeweler's block policy to Designcraft Jewel Industries, Inc. Designcraft suffered a theft loss and St. Paul refused to honor the claim because of material misrepresentations by Designcraft in its proposal for insurance. St. Paul, prior to the issuance of this type of policy, required a proposal to be submitted to it containing, *inter alia,* a statement as to when the last merchandise inventory was taken and the maximum value of the stock during the preceding 12 months. The premium charged was based on the statements contained in the proposal. In this case, the misrepresentation of Designcraft was that it claimed a dollar value on its last inventory which was less than the true value. Designcraft concedes this misstatement. Special Term granted plaintiff's motion for summary judgment. We would reverse and grant summary judgment to the defendant insurer. Subdivision 2 of section 149 of the Insurance Law provides that recovery under a contract of insurance may be defeated if a material misrepresentation is made to the insurer. A misrepresentation is defined as material if the insurer, knowing the true facts, would have refused to make the contract. The evidence submitted in the case at bar unequivocally demonstrates that St. Paul would not have issued the insurance policy it did had it known the true value of the inventory, since the premium chargeable would have been higher. Indeed, it would have been illegal to enter into such an insurance contract charging the lower rate (Insurance Law, § 185, subd 1). Since there are no factual disputes extant, the insurer was entitled to summary judgment in its favor (*Essex Refining Corp. v Home Ins. Co.,* 89 Misc 2d 792, affd 52 AD2d 778, affd 41 NY2d 1036; *Chalom & Son v St. Paul Fire & Mar. Ins. Co.,* 285 F2d 909). Concur—Lupiano, J. P., Birns, Evans, and Lane, JJ.