■ ALLSTATE INSURANCE COMPANY, Appellant, v HERTZ CORPORATION et al., Respondents, and FEDERAL INSURANCE COMPANY, Appellant, et al., Defendant.—In an action for a declar-

atory judgment to determine the duty of the defendant Hertz Corp. to defend and indemnify the defendants Arnold and Evan Fishman, the plaintiff Allstate Insurance Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated March 21, 1985, as denied its motion for summary judgment, and the defendant Federal Insurance Co. appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment against the defendant Hertz Corporation.

Order reversed, on the law, without costs or disbursements, and, upon searching the record (see, CPLR 3212 [b]), action dismissed as premature.

An insurer's duty to defend is measured against the allegations of the complaint against its insured and arises whenever the allegations fall within the risk covered by the policy (see, e.g., Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6; Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669-670). The instant action was, therefore, premature because no personal injury action had been commenced to recover damages against the defendants Arnold and Evan Fishman prior to commencement of this declaratory judgment action. Thus, no complaint existed from which the duty of Hertz to defend could be determined.

We note that this court was advised of an action allegedly commenced on or about December 30, 1985 in the United States District Court for the Eastern District of Pennsylvania against, inter alia, the defendant Arnold Fishman. However, evidence of that action is dehors the record on appeal and may not be considered by us in determination of these appeals. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.