■ SONKIN ASSOCIATES, INC., Appellant-Respondent, v COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Respondent-Appellant.—In an action to recover unpaid proceeds under a life insurance policy, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated June 30, 1988, as denied its motion for summary judgment, and (2) the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff is the beneficiary of an insurance policy on the life of the late William H. Sonkin, its president, issued by the defendant on or about June 7, 1982. The initial amount of coverage provided by the policy was $500,000. During the spring and summer of 1985 the insured applied for increases in the amount of coverage. These applications were approved by the defendant, and a new policy in the amount of $820,000 was issued under policy number 10067297. The insured committed suicide on December 16, 1985.

The defendant paid the plaintiff the original $500,000 of coverage and refused to pay the additional $320,000 on the ground that the insured, in his application for additional life insurance, made material misrepresentations as to his health, *inter alia*, by failing to disclose that he was being treated by a psychiatrist for depression.

The plaintiff claims that the date of issue of the policy is June 7, 1982, and therefore the defendant could not deny insurance benefits pursuant to an "incontestability clause" which bars denial of coverage based upon "incorrect answers to questions in the application if * * * the insured dies more than two (2) years after the Date of Issue". The defendant claims that the date of issue of the new policy is September 30, 1985, and therefore the defendant's death was within the two-year contestability period of the policy.

The insurance policy in question itself contains two different dates of issue, viz., June 7, 1982 and September 30, 1985. Under these circumstances, a question of fact exists as to the intent of the parties with respect to the question of the applicability of the "incontestability clause" which cannot be resolved on the papers submitted.

Moreover, it is incumbent upon the defendant, even if it prevails on the incontestability issue, to demonstrate that it would have rejected the insured's application for increased life insurance coverage had it known of his history of treatment for psychiatric disorders (*see,* Insurance Law § 3105 [b]). To meet this burden, the defendant must adduce proof as to its underwriting practices with respect to applicants with similar histories (*see,* Insurance Law § 3105 [c]). The evidence in the record on this issue is conclusory in nature and does not establish, as a matter of law, that the defendant would have rejected the insured's application if the insured's application had been truthful (*see, Di Pippo v Prudential Ins. Co.,* 88 AD2d 631). Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.