■ MARIE AGUILAR et al., Appellants, v UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Respondent. —Order and judgment (one paper) of the Supreme Court, New York County (Stanley Parness, J.), entered on or about July 6, 1989, upon a decision of Ethel B. Danzig, J., granting summary judgment in favor of defendant, The United States Life Insurance Company in the City of New York (U.S. Life), unanimously affirmed, without costs.

Plaintiffs are beneficiaries of two $500,000 life insurance policies issued to Dr. Hernan Aguilar in 1984 and 1985. Dr. Aguilar died in a jump or fall from his apartment residence on April 6, 1986, within the two-year contestable period of

both policies. U.S. Life refused to pay on the policies claiming that Dr. Aguilar made material misrepresentations in his applications for the policies, thus entitling it to rescission. U.S. Life discovered, after Dr. Aguilar's death, that he had not disclosed his treatment by a psychiatrist on 79 occasions between August 1983 and January 1984 (approximately four times a week) for "mild to moderate depression, inability to experience pleasure, difficulties in making friends, pessimistic attitudes about the future and brooding about past events". Dr. Aguilar had refused medication on the ground that it would impair his ability to perform ophthalmic surgery and, by late January 1984, he had developed "great resistance" to his psychotherapy sessions and terminated his treatment fairly abruptly although, in the opinion of his psychiatrist, in a "much improved" condition. The prognosis upon his leaving therapy was "guarded" and the diagnosis was "DSM III; Axis I: Dysthmic Disorder; Axis II: Compulsive Personality Disorder". On his application for insurance, Dr. Aguilar had represented on his medical questionnaire that he had never been treated for or had any known indication of mental or nervous disorder and had not had any consultations with physicians or practitioners other than his usual medical attendant, whom he had named.

In support of U.S. Life's motion for summary judgment, an affidavit from its chief underwriter analyzed the disorders for which Dr. Aguilar had received treatment and their significance in the underwriting manual used by U.S. Life, stating "without equivocation that the policies sued upon would not have been issued had U.S. Life been aware of the true and accurate medical history of Dr. Aguilar".

There is no doubt that, as defined by Insurance Law § 3105 (a), Dr. Aguilar made misrepresentations on the insurance questionnaires. The question presented herein is whether there exists a triable issue of fact as to whether the misrepresentations were "material", as defined in Insurance Law § 3105 (b), and as construed by case law concerning this issue. Whether an applicant's misrepresentations as to his medical situation were material to the risk he was seeking to insure or not is ordinarily a question of fact for the jury. However, where the evidence concerning materiality is clear and substantially uncontradicted, it is for the court to decide as a matter of law (*Myers v Equitable Life Assur. Socy.*, 60 AD2d 942). To demonstrate materiality as a matter of law, an insurer need only show that the misrepresentation " '*substantially* thwarts the purpose for which the information

is demanded and *induces action which the insurance company might otherwise not have taken'"* *(Geer v Union Mut. Life Ins. Co.,* 273 NY 261, 271). "The question in such case is not whether the company *might have issued* the policy even if the information had been furnished; the question in each case is whether the company had been induced to accept an application which it *might otherwise have refused"* (273 NY, *supra,* at 269). Applying this test, we agree with the Supreme Court's conclusion that Dr. Aguilar's failure to disclose his condition and his treatment constituted a material misrepresentation as a matter of law, sufficient to permit the insurer to avoid liability under the policy. Accordingly, the order and judgment granting summary judgment to U.S. Life is affirmed. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.