■ ALAZ SPORTSWEAR et al., Respondents, v PUBLIC SERVICE MUTUAL INS. Co., Defendant, and TRAVELERS INDEMNITY COMPANY, Appellant. [600 NYS2d 63] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered November 27, 1991 which denied the motion of defendant-appellant, Travelers Indemnity Company, for summary judgment dismissing the plaintiffs' complaint pursuant to CPLR 3212, unanimously affirmed, with costs.

Plaintiffs obtained an Ocean Marine Cargo Policy with a Domestic Transit Endorsement (Policy No. MOC419F302-7) from defendant-appellant Travelers Indemnity Company (Travelers). On July 10, 1985 plaintiffs notified Travelers that they had sustained a burglary loss at their temporary storage facility located at 15 West 36th Street in Manhattan. The policy in question was in full force and effect on the date of the alleged loss and the location was admittedly covered

pursuant to the Domestic Transit Endorsement of the policy. During Travelers' investigation of the claim, it was discovered that plaintiffs experienced a prior burglary loss at the premises in August of 1984, and that their prior insurer paid $40,000 as a result of the loss. Travelers resisted the plaintiffs' claim for the July 1985 loss on the ground that plaintiffs, when applying for the policy, failed to make Travelers aware of the prior loss and in fact represented to Travelers, in response to the insurer's inquiry, that they had not suffered any prior losses. Defendant moved for summary judgment contending that the policy was void *ab initio* on the theory that plaintiffs' failure to disclose the prior loss constituted a concealment of a fact which materially affected the risk in breach of the doctrine of utmost good faith or *uberrimae fidei.*

Under the doctrine of *uberrimae fidei,* parties to a contract for marine insurance must afford each other the highest degree of good faith *(Puritan Ins. Co. v Eagle S. S. Co.,* 779 F2d 866). The doctrine requires the insured to disclose to the insurer all known circumstances that materially affect the risk being insured *(Knight v U.S. Fire Ins. Co.,* 804 F2d 9, 13, *cert denied* 480 US 932). The standard for disclosure is an objective one, i.e. whether a reasonable person in the insured's position would know that the particular fact is material *(supra).* It has been stated that "[t]o be material the fact must be 'something which would have controlled the underwriter's decision' to accept the risk" *(supra,* at 13).

The proof submitted by defendant on its motion for summary judgment consisted solely of the conclusory statement of its underwriter. While the underwriter's statement is evidence which is relevant to the issue of whether plaintiffs' prior loss at the storage facility was material to the underwriting of the risk in question, it does not prove the materiality of that fact and thereby defendant's entitlement to summary judgment as a matter of law. Proof of defendant's underwriting practices with respect to applicants with similar histories is required *(see, Sonkin Assocs. v Columbian Mut. Life Ins. Co.,* 150 AD2d 764, 765; *Di Pippo v Prudential Ins. Co.,* 88 AD2d 631). The materiality of a particular nondisclosed fact is generally a question of fact for the jury *(Knight v U.S. Fire Ins. Co., supra,* at 14). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.