■ DONNA SHAPIRO, Appellant, v ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [609 NYS2d 323] —In an action to collect the proceeds of a life insurance policy, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Floyd, J.), entered July 28, 1992, which, *inter alia,* upon granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff's decedent submitted an application for life insurance dated November 23, 1988, to the respondent, an insurance company. One of the questions on the application asked whether the applicant had ever been "arrested for the use or possession" of any narcotic, barbiturate, amphetamine, or hallucinogenic drug. The application stated that the respondent would not accept insurance premiums if this question was not answered or was answered "Yes". The plaintiff's decedent responded "No" to this question, thereby claiming that he had never been arrested for the use or possession of any of the stated drugs, and the policy was issued. The plaintiff's decedent died of gunshot wounds within the two-

year contestability period of the insurance policy. The respondent then learned that the plaintiff's decedent had been arrested and charged with knowingly and intentionally distributing and possessing cocaine before he filled out the application. The respondent then rescinded the policy, refunded the premiums paid, and refused to pay the life insurance proceeds.

"No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]). In order to evaluate the question of materiality and disclose relevant information, documentation such as the insurance company's underwriting manuals, rules or bulletins, which pertain to insuring similar risks, should be submitted (see, Wittner v IDS Ins. Co., 96 AD2d 1053). An underwriting staff consultant for the respondent stated that the life insurance policy would not have been issued if the plaintiff's decedent had truthfully answered the question and disclosed his criminal arrest record. The respondent, in its underwriting manual, also had a policy of declining to issue life insurance policies to individuals who were convicted of selling or distributing drugs or individuals that continually interacted with drug abusers, whether socially or occupationally. The issue of whether an applicant had ever been arrested for possession of illegal drugs was material to the respondent in making its determination of whether it would issue the insurance policy. Because the plaintiff's decedent did not truthfully answer the question and disclose his criminal arrest record, he made a material misrepresentation as a matter of law and summary judgment was properly granted.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.