■ BOBBY MEHTA, as Attorney-in-Fact for MOHINDER KAUR, Appellant, v NEW YORK LIFE INSURANCE COMPANY, Respondent. [610 NYS2d 17] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered June 28, 1993, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is undisputed that the insured decedent misrepresented that his driver's license had not been suspended or revoked within two years prior to his application for life insurance. In fact, less than a year earlier, his driver's license had been suspended for 90 days on the ground that he had violated Vehicle and Traffic Law § 1192 (1), which prohibits driving while the ability to drive is impaired by the consumption of alcohol. The misrepresentation was material within the meaning of Insurance Law § 3105, and induced action that the insurer might otherwise not have taken *(see, Aguilar v United*

*States Life Ins. Co.,* 162 AD2d 209, 210-211). The insurer submitted detailed affidavit evidence from two of its career-track employees, backed with the relevant internal document from its underwriting department and the relevant portion of its underwriting manual. This evidence adequately illustrated defendant's relevant underwriting practices *(cf., Alaz Sportswear v Public Serv. Mut. Ins. Co.,* 195 AD2d 357), and established that the insured's true driving record would have necessitated a higher premium *(see, Designcraft Jewel Indus. v St. Paul Fire & Mar. Ins. Co.,* 59 AD2d 857, *affd* 46 NY2d 796). Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.