■ SUPREME IMPORT AND EXPORT CO., INC., Respondent, v YASUDA FIRE & MARINE INSURANCE COMPANY OF AMERICA, Appellant, et al., Defendants. [622 NYS2d 511] —Order, Supreme Court, New York County (Richard Lowe, J.), entered April 26, 1994, which, insofar as appealed from, denied defendant-appel-

lant's motion for summary judgment, unanimously affirmed, without costs.

The IAS Court correctly denied defendant insurer's motion for summary judgment on the ground that issues of fact exist concerning whether any prior loss information not conveyed was "material", i.e., whether defendant would have refused to issue the policy if it had been fully informed of plaintiff insured's prior loss history (Insurance Law § 3105 [b]; *Alaz Sportswear v Public Serv. Mut. Ins. Co.,* 195 AD2d 357). While it is doubtful that the doctrine of *uberrima fides* is applicable to a warehouse endorsement to a marine open cargo policy such as is in issue herein *(see, Stecker v American Home Fire Assur. Co.,* 299 NY 1, 6-7), we would find the same issues of fact even if it were. Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.