■ JOHN R. GENTILE, JR., Appellant, v CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, Respondent. [628 NYS2d 138] —In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered December 23, 1993, which granted the defendant's motion for summary judgment on its counterclaim for rescission and denied his cross motion for summary judgment, and (2) a judgment of the same court, entered February 16, 1994, which is in favor of the defendant rescinding the life insurance policy.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The defendant Continental American Life Insurance Company (hereinafter Continental) presented sufficient evidence to establish as a matter of law that the plaintiff's decedent made material misrepresentations on her application for life insurance (see, e.g., Shapiro v Allstate Life Ins. Co., 202 AD2d 659; Aguilar v United States Life Ins. Co., 162 AD2d 209; Insurance Law § 3105 [b]). The decedent failed to disclose that she had been treated for a major mental illness suffered by her within the two years preceding her application. Continental submitted an affidavit from one of its underwriters, together with portions of its underwriting manual, which established that it would not have issued the policy if it had known of the decedent's mental illness. The plaintiff's contention that the questions on the application were ambiguous because they did not specifically refer to psychiatric illnesses is without merit as the decedent was asked to provide information regarding her treatment for any "illness" or any "medical impairment" within the past five years (see generally, United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232; cf., Nadel v Manhattan Life Ins. Co., 211 AD2d 900). Accordingly, Continental was entitled to summary judgment on its counterclaim for rescission of the policy.

In any event, the plaintiff's demand for punitive damages was properly dismissed as he failed to present sufficient evidentiary allegations to support such a claim (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613; Ahmadi v Government Empls. Ins. Co., 204 AD2d 374). Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.