■ Richard Gugleotti, Respondent, v Lincoln Security Life Insurance Co. et al., Appellants. [651 NYS2d 600] —In an action to recover the proceeds of a life insurance policy, the defendants separately appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated February 8, 1996, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The plaintiff's decedent (hereinafter the insured) was issued a life insurance policy by the defendant Lincoln Security Life Insurance Co. (hereinafter Lincoln) procured for him through the defendant Dean Charles Financial Group (hereinafter Dean Charles) which named the plaintiff as sole beneficiary. On the insurance application, the insured stated that he was employed as an "Administrator" for the past 15 years by a marine salvage company named United Commercial Diving (hereinafter United) and that he did not "intend to * * * engage in any Amateur or professional sports activity". The insured died on March 22, 1992, within the policy's contestable period, while engaged in one of United's professional scuba diving salvage operations. After investigating the insured's death, Lincoln denied the plaintiff's request for life insurance proceeds coverage on the basis that the insured made material misrepresentations on the application regarding the nature of his employment with United. In particular, the insured failed to disclose that he regularly performed about half of United's five or six daily scuba diving operations. The Supreme Court denied the defendants' respective motions for summary judgment dismissing the complaint on the basis that there were issues of fact. We now reverse.

Contrary to the court's determination, the defendants proffered sufficient evidence to establish as a matter of law that the insured made material misrepresentations on his application for life insurance (see, Gentile v Continental Am. Life Ins. Co., 215 AD2d 626; see also, Shapiro v Allstate Life Ins. Co., 202 AD2d 659; Aguilar v United States Life Ins. Co., 162 AD2d 209; Insurance Law § 3105 [b]). Lincoln submitted an affidavit by its vice-president of underwriting and relevant portions of both its underwriting manual and the "Occupational Schedule of the North American Reinsurance Company Underwriting Manual". Together, these documents established that, had the

insured divulged his scuba diving activities, Lincoln would not have classified him as a "preferred non-smoker" entitling him to the lowest possible premiums, but would have rated him as "sub-standard" requiring the insured to pay higher premiums (*see, Gentile v Continental Am. Life Ins. Co., supra; Mehta v New York Life Ins. Co.*, 203 AD2d 8; *Shapiro v Allstate Life Ins. Co., supra; Aguilar v United States Life Ins. Co., supra*; Insurance Law § 3105 [c]). The affidavit further states that Lincoln would not have issued the policy it did had it known the true facts. Accordingly, Lincoln was entitled to rescind the policy (*see,* Insurance Law § 3105 [b]) and the defendants were entitled to summary judgment dismissing the complaint. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.