■ Estate of WILLIAM THREATT, Deceased, Also Known as WILLIAM A. THREATT, by MARK S. ROTH, as Executor, et al., Respondents, v AMERICAN CENTURION LIFE ASSURANCE COMPANY, Appellant, et al., Defendant. [673 NYS2d 214] —In an action to recover the proceeds of a life insurance policy, the defendant American Centurion Life Assurance Company appeals from so much of an order of the Supreme Court, Kings County (Garson, J.), dated June 18, 1997, as denied that branch of the motion of the defendants American Centurion Life Assurance Company and American Express Travel Related Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted.

The evidence in the record establishes that the life insurance policy issued by the defendant American Centurion Life Assurance Company (hereinafter ACL) to the decedent William Threatt lapsed due to nonpayment of premiums, but was reinstated retroactive to April 1, 1988. Accordingly, and contrary to the plaintiffs' contention, the two-year contestability period had not yet expired upon the decedent's death in March 1990 (see, Insurance Law § 3203 [a] [3]; § 3210).

ACL presented sufficient evidence to establish as a matter of law that the decedent made material misrepresentations on the medical history portion of his application for reinstatement of the life insurance policy (see, Geer v Union Mut. Life Ins. Co., 273 NY 261; Aguilar v United States Life Ins. Co., 162 AD2d 209), submitting an affidavit from an underwriter which, together with portions of its underwriting guidelines, established that it would not have reinstated the policy had it known that the decedent had been treated for intestinal mycosis (see, e.g., Gentile v Continental Am. Life Ins. Co., 215 AD2d 626; Shapiro v Allstate Life Ins. Co., 202 AD2d 659; Aguilar v United States Life Ins. Co., supra). As the plaintiffs failed to present any evidence raising a triable issue of fact as to the materiality of the misrepresentation, the court erred in denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.