(May 6, 1999)

■ EILEEN KROSKI, Respondent, v LONG ISLAND SAVINGS BANK FSB, Appellant, et al., Defendant. [689 NYS2d 92] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 31, 1997, which, insofar as appealed from, denied the motion of defendant-appellant Long Island Savings Bank FSB for summary judgment declaring the life insurance certificate issued to plaintiff-respondent's deceased husband void *ab initio*, based on material misrepresentations as to the decedent's health, unanimously reversed, on the law, without costs, the motion granted, the subject life insurance declared void *ab initio* and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

In this action to recover $100,000 in survivor benefits pursuant to a Savings Bank Life Insurance Fund (SBLIF) Trustee Financial Institution Group Life Insurance Certificate issued to plaintiff's deceased husband by appellant Long Island Savings Bank, the IAS Court's denial of summary judgment was error.

Despite the court's finding that the evidence of a material representation was neither clear nor uncontradicted and that there was a factual issue as to whether the decedent had knowledge of his diagnosis and treatment for diabetes and peripheral vascular disease prior to applying for his life insurance, the record demonstrates that the decedent misrepresented his health history in his application by failing to disclose, despite specific inquiry, his prior diagnosis and treatment for diabetes and venous stasis (a peripheral vascular disease) between 1989 and July 1991.

Whether an applicant's misrepresentations are material is typically an issue of fact; "[h]owever, where the evidence concerning materiality is clear and substantially uncontradicted, it is for the court to decide as a matter of law", especially when the misrepresentation " ' "*substantially* thwarts the purpose for which the information is demanded and *induces action which the insurance company might otherwise not have taken*" ' " (*Aguilar v United States Life Ins. Co.,* 162 AD2d 209, 210-211, quoting *Geer v Union Mut. Life Ins. Co.,* 273 NY 261, 271, citing *Myers v Equitable Life Assur. Socy.,* 60 AD2d 942 [emphasis in original]).

"A court, in finding a material misrepresentation as a matter of law, generally relies upon two categories of evidence, an affidavit from the insurer's underwriter and the insurer's underwriting manual" (*Feldman v Friedman,* 241 AD2d 433, 434).

Furthermore, a failure to make "further inquiry * * * is not the equivalent of knowledge, nor does it cancel out or counteract the insured's fraud * * * The test is not one of what prudent inquiry would have revealed. The question is whether the information given, although partial, was sufficiently indicative of something more to be tantamount to notice of the unrevealed" (*Cherkes v Postal Life Ins. Co.*, 285 App Div 514, 516, *affd* 309 NY 964). Under New York law, an insurer is not required to verify medical records that the insured has represented were negative as to health conditions inquired about (*see, Metropolitan Life Ins. Co. v Blum*, 7 AD2d 488, *affd* 9 NY2d 954; *Myers v Equitable Life Assur. Socy.*, 60 AD2d 942, *supra*).

Applying these standards, summary judgment in favor of the appellant insurer is warranted. There is no question that the decedent did not disclose his prior medical conditions as required. The underwriter's affidavit and guidelines demonstrated SBLIF's underwriting practices and were fact specific to the non-discretionary denial of coverage for persons with non-insulin dependent diabetes mellitus and peripheral vascular disease, the conditions at issue.

Appellant was entitled to rely on the decedent's application and further inquiry by it was optional under the circumstances. Plaintiff may not "shift the burden of truthfulness which was upon the insured into a burden of distrust and additional inquiry on the part of defendant" (*Cherkes v Postal Life Ins. Co., supra*, at 516).

The allegation that the decedent may not have been aware of his diabetes and peripheral vascular disease was speculative and is controverted by his medical records, which show that he was consulting Drs. Goldstein and Shoenfeld for those ailments and that he advised Dr. Kastenbaum of this. *Bronx Sav. Bank v Weigandt* (1 NY2d 545), relied upon by plaintiff-respondent, is distinguishable, in that it involved a general statement by the insured that he was in good health, and there was no evidence that the applicant, unlike the decedent here, knew or had reason to know of his condition.

In sum, appellant, by submitting an affidavit from its underwriter together with portions of its undisputed underwriting guidelines, presented sufficient evidence to establish, as a matter of law, that the decedent made misrepresentations on the medical history portion of his application which were material to the risk in that it was the insurer's express non-discretionary practice and procedure to deny coverage to an applicant who was diagnosed with diabetes and had evidence of peripheral vascular disease (*see, Borchardt v New York Life Ins. Co.*, 102 AD2d 465, *affd* 63 NY2d 1000).

Accordingly, inasmuch as plaintiff-respondent has failed to present any evidence raising a triable issue of fact as to the materiality of the misrepresentation, the court erred in denying appellant's motion for summary judgment (*see, Estate of Threatt v American Centurion Life Assur. Co.*, 251 AD2d 284). Concur—Ellerin, P. J., Tom, Wallach and Andrias, JJ.