■ Anthony Carpinone et al., Appellants-Respondents, v Mutual of Omaha Insurance Company, Doing Business as Mutual of Omaha, Respondent-Appellant, et al., Defendants. (And Two Other Related Actions.) [697 NYS2d 381] —Spain, J. Cross appeals from an order of the Supreme Court (Donohue, J.), entered April 8, 1998 in Sullivan County, which, *inter alia*, partially granted defendant Mutual of Omaha Insurance Company's motion to dismiss the complaint in action No. 1 insofar as it seeks damages for fraud.

Plaintiff Anthony Carpinone (hereinafter plaintiff) and his wife, derivatively, commenced an action (action No. 1) alleging causes of action sounding in breach of contract and fraud to re-

cover money damages resulting from the refusal by defendant Mutual of Omaha Insurance Company (hereinafter Mutual) to pay benefits pursuant to a disability insurance policy issued to plaintiff on November 17, 1988 and a major medical policy issued on February 24, 1989. Mutual thereafter commenced two actions (action Nos. 2 and 3) against plaintiffs seeking to rescind these two policies based upon plaintiff's alleged material misrepresentations, including concealment of facts, on both applications or, in the alternative, to reform the policies.* Plaintiff had filed a claim under the disability policy based upon a neck injury sustained in April 1990. After making one payment, Mutual denied plaintiff's claim based upon his misrepresentations. There was and is no dispute that plaintiff made misrepresentations on both insurance applications regarding his health and annual salary (*see*, Insurance Law § 3105 [a]). The dispute centered on whether Mutual demonstrated, as a matter of law, that plaintiff's misrepresentations were "material", establishing its right to rescind the insurance policies and defeat recovery thereunder (*see*, Insurance Law § 3105 [b]).

Specifically, plaintiff answered in the negative nearly identical health questions on both his 1988 and 1989 applications as to whether he had suffered or been treated for a back or spine injury or disorder during the previous five years when, in fact, he had injured his lower back in September 1985 and had continued to be treated by a physician for this injury until September 1988—just two months prior to filling out the disability policy application. Plaintiff made similar misrepresentations on the paramedical questionnaire which he also signed. Plaintiff made a second type of misrepresentation on his disability insurance application where he listed his annual salary of $33,000 as his "actual prior calendar year" salary and "two-year prior annual income", but failed to disclose that he had only been employed for one month prior to the date of the application and had earned only $2,800 in the prior two-year period. Plaintiff signed both applications, attesting that his answers were "true and complete" to the best of his knowledge and belief.

Mutual thereafter moved for summary judgment seeking dismissal with prejudice of plaintiffs' complaint and answers, and a declaration rescinding these two insurance policies and restraining plaintiffs from bringing suit on them. Supreme Court partially granted Mutual's motion by dismissing plaintiffs' fraud claim in action No. 1, and otherwise denied the

---

* Mutual seeks to reform both policies to exclude coverage for any injury or disease to plaintiff's spine.

motion. The parties cross-appealed, but plaintiffs failed to submit a brief despite two extensions of time and, accordingly, plaintiffs' appeal is deemed abandoned (*see, Renaud v St. Lawrence County*, 233 AD2d 710, 711, n 3; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1).

We affirm. An insurer is entitled to rescind an insurance policy if it establishes that the misrepresentations in the application for insurance were material to the risk to be insured (*see, Vander Veer v Continental Cas. Co.*, 34 NY2d 50, 52-53; *Kulikowski v Roslyn Sav. Bank*, 121 AD2d 603, 604, *lv dismissed* 69 NY2d 705). The materiality of an applicant's misrepresentation is ordinarily a factual question unless the insurer proffers clear and substantially uncontradicted evidence concerning materiality, in which event the matter is one of law for the court to determine (*see, Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216, *affd* 42 NY2d 928; *see also, Kroski v Long Is. Sav. Bank*, 261 AD2d 136; *Aguilar v United States Life Ins. Co.*, 162 AD2d 209, 210).

For an insurer such as Mutual to establish the materiality of a misrepresentation as a matter of law, it was required to present documentation concerning its underwriting practices such as its underwriting manuals, rules or bulletins which pertain to insuring similar risks (*see*, Insurance Law § 3105 [c]; *Cutrone v American Gen. Life Ins. Co.*, 199 AD2d 1032; *see also, Shapiro v Allstate Life Ins. Co.*, 202 AD2d 659; *Sonkin Assocs. v Columbian Mut. Life Ins. Co.*, 150 AD2d 764, 765; *Wittner v IDS Ins. Co.*, 96 AD2d 1053; *DiPippo v Prudential Ins. Co.*, 88 AD2d 631). The insurer's proof must establish that it would not have issued the same policies if the correct information had been disclosed in the applications (*see*, Insurance Law § 3105 [b], [c] [refer to "such contract" rather than to *any* contract]; *Vander Veer v Continental Cas. Co.*, *supra*, at 53; *Gugleotti v Lincoln Sec. Life Ins. Co.*, 234 AD2d 514; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, *supra*, at 217-218; *Borchardt v New York Life Ins. Co.*, 102 AD2d 465, 469, *affd* 63 NY2d 1000; *Barrett v State Mut. Life Assur. Co.*, 58 AD2d 320, 323, *affd* 44 NY2d 872, *cert denied* 440 US 912).

In support of its motion, Mutual submitted the affidavit of its Risk Director and Chief Underwriter, who merely asserted that—based upon its underwriting guidelines then in effect—Mutual would not have issued either of these policies if plaintiff had truthfully disclosed his back injury and earnings. He averred that—based upon plaintiff's treatment for a spinal disorder within five years—Mutual would have added an exclu-

sion in the disability policy denying any future benefits for claims associated with "Disease of or Injury to the Back or Spine", and would have declined to issue the policy if plaintiff had only been working for one month during the two years prior to that application. The Risk Director also indicated that based upon plaintiff's adverse medical history, Mutual would have charged an additional premium for the major medical policy and would not have issued a "standard" policy, but would have excluded benefits for 12 months for "Disease of or Injury to the Back or Spine".

However, these conclusory statements by an insurance company employee, which are not supported by documentary evidence, are insufficient to establish that plaintiff's misrepresentations were material as a matter of law (see, Cutrone v American Gen. Life Ins. Co., supra; Wittner v IDS Ins. Co., supra; Campese v National Grange Mut. Ins. Co., 259 AD2d 957; DiPippo v Prudential Ins. Co., supra; cf., Kroski v Long Is. Sav. Bank, 261 AD2d 136, 137, supra; Gugleotti v Lincoln Sec. Life Ins. Co., supra; Gentile v Continental Am. Life Ins. Co., 215 AD2d 626, 627; Shapiro v Allstate Life Ins. Co., supra, at 660; Kulikowski v Roslyn Sav. Bank, supra, at 605-606). The Risk Director's affidavit, like the papers submitted on Mutual's motion for summary judgment and brief on appeal, make no reference to the applicability of any particular provision in its underwriting manual, excerpts of which are included in the record. Indeed, it is not possible for this Court to determine, on this record, which classification in the "Diseases of the Skeletal and Muscular Systems" section of the underwriting manual— which is nowhere described or explained (see, DiPippo v Prudential Ins. Co., supra)—encompasses plaintiff's condition, and Mutual has not submitted any proof to guide this analysis (see, Bloom v Mutual of Omaha Ins. Co., 161 AD2d 1047, 1049; see also, Cutrone v American Gen. Life Ins. Co., supra). Further, Mutual fails to cite any provision establishing that this disability policy would not have been issued had plaintiff accurately revealed his prior earnings (cf., Naghavi v New York Life Ins. Co., 260 AD2d 252) or what limitations would have attached to these policies. Accordingly, Mutual's motion for summary judgment was properly denied insofar as appealed from.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.