■ JOHN BELESI, Respondent, v CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Appellant. [707 NYS2d 909] —In an action to recover the proceeds of a disability insurance policy, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Schmidt, J.), entered October 15, 1997, which granted the plaintiff's motion for summary judgment on his third and fourth causes of action and denied its cross motion for leave to amend its answer to include a counterclaim for rescission and for summary judgment on the counterclaim, and (2) a judgment of the same court entered March 24, 1998, which is in favor of the plaintiff and against it in the principal sum of $254,198, and directed it to pay the plaintiff continuing disability benefits.

■ JOHN BELESI, Appellant-Respondent, v CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent-Appellant. [707 NYS2d 663] —In an action to recover the proceeds of a disability insurance policy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered November 2, 1998, as granted the defendant's motion (a) pursuant to CPLR 5015 to vacate a judgment of the same court entered March 24, 1998, and (b) for leave to renew its prior cross motion to amend its answer to include a counterclaim for rescission, and for summary judgment on the counterclaim, and (c), upon renewal, granted that branch of the cross motion which was for leave to amend the answer, and the defendant cross-appeals from so much of the same order as, upon renewal, denied that branch of its cross motion which was for summary judgment on the counterclaim.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, that branch of the defendant's prior cross motion which was for summary judgment on the counterclaim is granted, the subject policy is rescinded, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the defendant offered sufficient evidence that the plaintiff had engaged in fraud, misrepresentation, or other misconduct by making false statements upon which the court relied in determining the prior motion for summary judgment. Thus, vacatur of the judgment was proper (see, CPLR 5015 [a] [3]).

The Supreme Court providently exercised its discretion by granting, upon renewal, that branch of the defendant's prior cross motion which was for leave to amend its answer to include a counterclaim for rescission (see, CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957; Sidor v Zuhoski, 257 AD2d 564; Branch v Abraham & Strauss Dept. Store, 220 AD2d 474, 475; Caruso v Anpro, Ltd., 215 AD2d 713; McKiernan v McKiernan, 207 AD2d 825).

However, the Supreme Court erred in denying, upon renewal, that branch of the defendant's prior cross motion which was for summary judgment on the counterclaim. The defendant submitted sufficient evidence to establish as a matter of law that the insured made material misrepresentations on his application for disability insurance (see, Threatt v American Centurion Life Assur. Co., 251 AD2d 284; Hydell v North Atl. Life Ins. Co., 246 AD2d 511; Gugleotti v Lincoln Sec. Life Ins. Co., 234 AD2d 514; see also, Insurance Law § 3105 [b]). The defendant did not waive its right to rescind since it did not continue to accept premium payments after gaining sufficient knowledge of the alleged misrepresentations (see, Insurance Law § 3105 [b]; Hydell v North Atl. Life Ins. Co., 265 AD2d 528; cf., Scalia v Equitable Life Assur. Socy., 251 AD2d 315). In opposition, the plaintiff did not raise any triable issues of fact. Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.