■ STEVEN HINDERHOFER et al., Respondents, v DAISY MANUFACTURING COMPANY, INC., et al., Respondents, and CHRISTOPHER CALDERONE et al., Appellants. [729 NYS2d 512] —In an action for a judgment declaring that the defendant Commercial Union Insurance Companies is obligated to defend and indemnify the defendant Christopher Calderone in an underlying action entitled *Hinderhofer v Daisy Manufacturing Company, Inc.,* pending in the Supreme Court, Suffolk County, under Index No. 95-2636, the defendants Christopher Calderone, James Waltel, and Farm Family Insurance appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 24, 2000, as granted the cross motion of the defendant Commercial Union Insurance Companies for summary judgment declaring that it is not obligated to defend or indemnify the defendant Christopher Calderone in the underlying action, and denied the motion of the defendant Christopher Calderone for summary judgment declaring that the defendant Commercial Union Insurance Companies has a duty to defend and indemnify him in the underlying action.

Ordered that the appeals by the defendants James Waltel and Farm Family Insurance are dismissed, as those defendants are not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant Commercial Union Insurance Companies is awarded one bill of costs.

The defendant Commercial Union Insurance Companies (hereinafter CU) properly cancelled the policy of homeowners liability insurance issued to the defendant Mario Cannata, which covered the home where the defendants Rosemarie Calderone and her son, the appellant Christopher Calderone, reside, due to nonpayment of premiums. The effective date of cancellation was November 19, 1994. Accordingly, there was no coverage in place on November 28, 1994, when Christopher Calderone allegedly shot the plaintiff in the eye with a BB gun.

Contrary to the appellant's contentions, Cannata's attempt to reinstate coverage on or about November 29, 1994, through his insurance agent, was ineffective as he failed to reveal the accidental shooting. Cannata was obligated to disclose the existence of that potential claim, as he knew it might have influenced CU's determination to reinstate coverage (*see, Sebring v Fidelity-Phenix Fire Ins. Co.,* 255 NY 382). Assuming that reinstated coverage would have been in effect retroactively on November 28, 1994, CU established, as a matter of law, that the defendant Cannata's failure to advise it of the the potential claim was a material misrepresentation which, if disclosed, would have resulted in a determination not to reinstate the policy (*see,* Insurance Law § 3105 [b]; *Gorra v New York Life Ins. Co.,* 276 AD2d 469; *Hydell v North Atl. Life Ins. Co.,* 265 AD2d 528; *Gugleotti v Lincoln Sec. Life Ins. Co.,* 234 AD2d 514). Thus, the Supreme Court correctly declared that CU has no duty to defend or indemnify in the underlying action.

The appellant's remaining contentions are without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.