**CLERICAL APPAREL OF NEW YORK, INC., Plaintiff,**

v.

**VALLEY FORGE INSURANCE COMPANY, Defendant.**

No. 00–CV–5826 (ILG).

United States District Court, E.D. New York.

June 3, 2002.

Victor Bleiwas, Konheim, Halpern & Blei-was, New York City, for Plaintiff.

Michael J. Sommi, Cozen & O'Connor, New York City, Michael F. Henry, Cozen & O'Connor, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### SUMMARY

Plaintiff Clerical Apparel of New York, Inc. ("Clerical Apparel") brings this action against defendant Valley Forge Insurance Company ("Valley Forge") to recover under an insurance policy for damages allegedly arising out of a burglary and fire. Valley Forge now moves for summary judgment. For the reasons that follow, the motion is granted.

### BACKGROUND

#### I. The Underlying Facts

The facts, which are essentially undisputed, are as follows. Clerical Apparel is a New York corporation, and sells clerical garments. (See Compl. ¶ 1.) Valley Forge is a Pennsylvania insurance company, with its principal place of business in Chicago, Illinois. (See

Not. of Removal ¶ 3.) On or about September 23, 1997, Valley Forge issued Clerical Apparel's predecessor company, Heaven Sent Corporation of New York ("Heaven Sent"), a $1 million insurance policy numbered B175872587 for goods located at 263 West 38th Street, New York, New York 10018. (See Def's. Local Rule 56.1 Statement ¶ 1; Insurance Policy, Def's. Ex. A.) On March 5, 1998, Heaven Sent changed its name to Clerical Apparel and moved the location of its goods to 62–90 Forrest Avenue, Ridgewood, New York 11385. (See Def's. Local Rule 56.1 Statement ¶ 7; Insurance Policy at 3.) The Valley Forge policy was amended to incorporate these changes. (Id.)

The insurance policy contains a cooperation clause, which requires, in relevant part, "in the Event of Loss or Damage," the insured must "[g]ive [the insurer] prompt notice of the loss or damage .... At [the insurer's] request, give ... complete inventories of the damaged and undamaged property. Include quantities, costs and values and amount of loss claimed .... Cooperate with [the insurer] in the investigation or settlement of the claim." (Insurance Policy at 5.) The policy also contains a provision regarding concealment, misrepresentation or fraud, which provides, "[w]e do not provide coverage for any insured ... who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss ... or damage for which coverage is sought under this policy." (Insurance Policy, New York Changes—Fraud.)

On August 31, 1998, an incendiary fire occurred at the Ridgewood location. (See Fire and Incident Report, Ex. 1, attached to Request for Admissions, Def's. Ex. B.) On or about January 26, 1999, Clerical Apparel filed a Proof of Loss statement with Valley Forge, claiming damages resulting from the fire and an alleged burglary in the amount of $827,921. (See Proof of Loss Statement, Def's. Ex. C.) That sum represented $413,-000.000 for damaged merchandise plus $413,700.00 for stolen merchandise, minus a $500 deductible.[1] (Id.) However, these fig-

---

**1.** On the Proof of Loss statement, the breakdown of damaged merchandise is as follows:

| | | Cost |
|---|---|---|
| Damaged: | 23,000 shirts | $369,000.00 |

ures were unsupported by invoices or other documentation. (*See* Def's. Local Rule 56.1 Statement ¶ 23.)

Valley Forge investigated the fire and alleged burglary upon notification. The investigation involved hiring various experts, including a Fire Cause and Origin investigator, Certified Public Accountants ("CPA"), and an adjustor and salvor, and deposing several witnesses. The investigation revealed that plaintiff had made several mistatements on its claim form, which it could not justify.

Valley Forge deposed Marc E. Schreck, Heaven Sent's accountant, who testified that, on December 31, 1992, the cost of the ending inventory of Heaven Sent amounted to $410,000. (*See* Schreck Dep. at 137, Ex. 8, attached to Def's Ex. B.) Valley Forge hired Sentry Salvage & Appraisal to conduct an inspection of the loss site. (*See* James R. Korbo Affidavit ("Korbo Aff.") ¶ 4, Def's. Ex. D.) Sentry Salvage conducted a joint inventory inspection with Clerical Apparel representatives, which recovered only 16,101 damaged shirts, as opposed to plaintiff's claimed number of 23,000. (*See* Sentry Salvage Report at 1, Ex. 6, attached to Def's Ex. B; *see also supra* at n. 1.) Based on this discrepancy, James Korbo, Sentry Salvage's principal salvor, concluded that plaintiff's assessment of damaged shirts was "grossly excessive." (Korbo Aff. ¶ 10.) However, despite Sentry Salvage's report and Mr. Schreck's closing count of Heaven Sent inventory valued at $410,000, Antonio Panepinto, Clerical Apparel's principal and sole shareholder, testified that his $827,921 claim was accurate. (*See* A. Panepinto Dep. at 55–58, Ex. 14, attached to Def's. Ex. B.)

Valley Forge also retained the accounting services of Matson, Driscoll & Damico, which concluded that Clerical Apparel's maximum

| | |
|---|---|
| 2,000 shirt fronts | $ 20,000.00 |
| 2,000 plastic collars | $ 12,000.00 |
| 8,000 tab collars | $ 12,000.00 |

For a breakdown of the stolen merchandise, *see* Proof of Loss Statement, Def's. Ex. C.

2. The $361,375 figure does not include sales for which invoices are missing from November 3, 1993 through July 28, 1994, which apparently were included in Clerical Apparel's calculation. (*See* CPA Report at 5, Ex. 9, attached to Ex. B; Def's Exs. E. and F.)

inventory prior to the fire, at cost, after receiving goods from Heaven Sent amounted to $361,375, as opposed to the $742,000 claimed by Clerical Apparel in its Proof of Loss statement.[2] (*See* CPA Report at 5, Ex. 9, attached to Def's. Ex B; Richard Wesolowski and Gerald Warshaw Affidavits, Def's. Exs. E. and F.)

On September 7, 1999, Valley Forge rejected Clerical Apparel's claim based on incendiarism and for violations of several provisions of the insurance policy. (*See* Def's. Local Rule 56.1 Statement ¶ 24.)

## II. *The Procedural History*

On August 25, 2000, plaintiff filed a complaint against Valley Forge in the New York Supreme Court, Queens County for payment under the insurance policy. The action was removed to this Court based on diversity jurisdiction. (*See* Not. of Removal). In February 2000, Valley Forge sent plaintiff a Notice to Produce Documents, to which plaintiff never responded.[3] (*See* Not. to Produce, Def's. Ex. G.) At his deposition, Antonio Panepinto testified that he did not have any information relating to invoices and inventory counts. (*See* A. Panepinto Dep., dated Feb. 4, 1999, Ex. 13 at 47–49, attached to Def's. Ex. B.) However, his son, Ignazio Panepinto, testified that all inventory sheets, which included three separate inventory sets of goods formerly owned by Heaven Sent, were turned over to Antonio Panepinto. (*See* Ignazio Panepinto Dep., dated Jul. 26, 2001, Ex. 15 at 65, attached to Def's Ex. B.) Antonio's other son, Rosario Panepinto, testified that his father recently "found" certain customs purchase invoices.[4] (*See* Rosario Panepinto Dep., dated Jul. 25, 2001, Ex. 12 at 12–14, attached to Def's. Ex. B.)

3. The only documents received by Valley Forge in this litigation are the ones it had subpoenaed. (*See* Def's. Local Rule 56. 1 Statement ¶ 26.)

4. On or about May 16, 2001, Valley Forge subpoenaed customs documents from the United States Customs Services for certain purchases made by Heaven Sent in 1990–1991. (*See* Def's. Local Rule 56.1 Statement ¶ 27.)

On or about October 5, 2001, Valley Forge served a Second Request for the Production of Documents, a Request for Admissions (Def's.Ex. B), and Interrogatories. Plaintiff never responded to these discovery requests. (*See* Def's. Local Rule 56.1 Statement ¶ 29.) Valley Forge served its discovery disclosures, as well as expert reports, and identified relevant witnesses, pursuant to Federal Rule Civil Procedure 26. (*Id.* ¶ 31.) Plaintiff failed to serve any Rule 26 disclosures, despite repeated requests. (*Id.* ¶ 32.)

Defendant's Request for Admissions includes requests to admit the following:

Plaintiff submitted a fraudulent insurance claim to defendant by inflating the total number of items stolen or damaged, as well as the costs for these losses; the cost value of Heaven Sent goods transferred to Clerical Apparel could not have exceeded the amount indicated by Mr. Schreck of $410,000 as of December 31, 1992; plaintiff submitted an alleged duplicate invoice document to defendant, claiming Giacomo Pizzella sold 680 priests' suits and 4,000 men's pants to Heaven Sent in 1991, for a total cost of $293,000; however plaintiff's proof of purchase is unaccounted for in Heaven Sent's books and records; the prices indicated on the Proof of Loss statement are well above the saleable wholesale value of priest suits actually sold by Heaven Sent; although plaintiff alleges that 510 nuns' gowns, priced at $145 each, for a total value of $73,950, are alleged to have been obtained after Clerical Apparel took over goods from Heaven Sent, no invoices or receipts have been submitted to substantiate this claim; plaintiff failed to provide defendant with at least three separate inventory documents, describing the quantity and description of goods transferred from Heaven Sent to Clerical Apparel, which plaintiff had in its possession at the time defendant made requests for the production of documents. Thus, plaintiff has violated certain provision of the insurance policy, and has failed to comply with discovery requests.

(*See* Def's. Ex. B.)

In February 2002, Valley Forge moved for summary judgment, and submitted numerous affidavits and exhibits in support of its motion. In opposition, Clerical Apparel filed a two page affidavit from its attorney, Victor Bleiwas, which states in a conclusory manner that genuine issues of material fact exist for trial. Specifically, Mr. Bleiwas denies that his client failed to provide requested documentation and, therefore, it did not breach the cooperation clause of the insurance policy. Mr. Bleiwas also asserts that, even if the Court considers the facts in the Request for Admissions to be accurate, summary judgment is still not warranted. He did not provide the Court with any specific basis for this assertion.

One and a half days before argument on the motion and nearly seven months after the Request for Admissions was served, plaintiffs' counsel filed a response denying the allegations of fraud.[5]

### DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions ... together with the affidavits ... show that there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "moving party is entitled to judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation marks and citations omitted). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Under Rule 56(e) of the Federal Rules of Civil Procedure, an affidavit filed in opposition to a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). However, an affidavit filed

---

**5.** The Court indicated at oral argument that it would not consider the late submission.

by "the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight." *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983). Thus, Mr. Bleiwas's conclusory assertion that genuine issues of material fact exist, without more, will be disregarded. Having failed to file any meaningful opposition to the present motion, and, specifically, a Local Civil Rule 56.1 Counter Statement, the Court must assume that plaintiff admits the material facts as stated in defendant's Local Civil Rule 56.1 Statement. *See* Local Civil Rule 56.1(c) of the Southern and Eastern Districts ("All material facts set forth in the statement ... will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.") Moreover, facts in defendant's Request for Admissions will be deemed admitted, as plaintiff has failed to respond or object to them "within 30 days after service of the request ...." Fed.R.Civ.P. 36(a); *Apex Oil Co. v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009 (2d Cir.1988) (matter in Rule 36 request for admissions is deemed admitted unless objected to in writing within 30 days); *Donovan v. Carls Drug Co.*, 703 F.2d 650, 651 (2d Cir.1983) (Rule 36 admissions may be used to satisfy requirements for obtaining Rule 56 summary judgment).

■ Based on the facts detailed above, this Court finds that Clerical Apparel made material misrepresentations to Valley Forge and sought monies to which it was not entitled by overestimating the number of items involved in the fire and alleged burglary and by doubling the value of its claim. Such misrepresentations were material as a matter of law, as they impeded Valley Forge's investigation of plaintiff's claim. *See Bifulco v. Great N. Ins. Co.*, No. 99–CV–0119, 2001 WL 877335, at *2 (W.D.N.Y. Jul. 3, 2001) (quoting *Kroski v. Long Island Sav. Bank FSB*, 261 A.D.2d 136, 136, 689 N.Y.S.2d 92, 93 (1st Dep't 1999)) ("[W]here the evidence concerning materiality is clear and substantially uncontradicted, it is for the court to decide as a matter of law, especially when the misrepresentation substantially thwarts the purpose for which the information is demanded and induces action which the insurance company might otherwise not have taken."); *Fine v.*

*Bellefonte Underwriters Ins. Co.*, 725 F.2d 179, 184 (2d Cir.1984) ("False sworn answers are material if they might have affected the attitude and action of the insurer. They are equally material if they may be said to have been calculated either to discourage, mislead or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate."). Accordingly, the policy is void, and plaintiff cannot recover under it. *Id.* ("If the plaintiffs knowingly and wilfully, with intent to defraud the defendants, swore falsely in making the proofs of loss, such act amounted to a fraud upon the defendants which avoided the policies, irrespective of the ultimate effect upon the defendants.").

### CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted.

SO ORDERED.