(November 25, 2002)

■ ALLSTATE INSURANCE COMPANY, Appellant, v RAMESH KAYWATTIE et al., Respondents. [750 NYS2d 638] —In an action for a judgment declaring, inter alia, that a certain insurance policy was void ab initio, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 9, 2001, as denied that branch of its motion for summary judgment which was for a judgment declaring that a certain policy of insurance was void ab initio and, upon searching the record, dismissed the action as premature, without prejudice.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the action as premature, without prejudice; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Ramesh Kaywattie and Indarjeet Ramnandan.

In April 1999 the defendants Ramesh Kaywattie and Indarjeet Ramnandan (hereinafter collectively the owners) purchased a three-family house at 103-16 121st Street in Queens, and applied for homeowners' insurance on the house. According to Terienarine Ramnarine, the owners' managing agent, the application was filled out by someone in the office of Nasim Khan, the plaintiff's agent. It described the house as a three-family house and listed the owners as occupants. The plaintiff subsequently issued a homeowners' policy to the owners.

On October 11, 1999, the defendant Kelvin Bissoon allegedly was injured during a fire at the house. Kaywattie gave the plaintiff an "Initial Property [Loss] Statement" dated October 12, 1999, listing his address as 107-14 132nd Street, Richmond Hills, New York, and including a statement to the effect that the property was a rental property. The owners were subsequently examined under oath, as provided for by the insurance policy.

On August 7, 2000, the plaintiff commenced this action for a judgment declaring that the policy was void ab initio due to the owners' material misrepresentations in their insurance ap-

plication, and that the plaintiff was not obligated to defend or indemnify the owners for any claims arising out of the fire. The owners' answer denied the essential allegations of the complaint, and they counterclaimed for a declaration as to coverage for an alleged claim by Bissoon, as well as for loss of rental income.

The plaintiff moved for summary judgment, alleging that it had shown material misrepresentations and thus that the policy was void ab initio. In support of the motion, it annexed, among other things, copies of the insurance policy, the application for insurance, and copies of the transcripts of the examinations under oath of the owners and their managing agent. The plaintiff also submitted a statement by its claims representative to the effect that the plaintiff would not have insured the house had it known the facts, including, inter alia, that the property in question was a non-owner-occupied rental property. In response, the owners cross-moved for summary judgment on their counterclaims.

The Supreme Court denied both the motion and cross motion. It then searched the record and dismissed the action as premature, without prejudice, on the ground that no personal injury action had been commenced against the owners. The plaintiff appeals, contending that the Supreme Court erred in dismissing the action without prejudice since the action was not limited to a request for a declaration as to Bissoon's claim, and that it was also entitled to summary judgment on the merits.

The Supreme Court should not have searched the record and dismissed the action as premature, without prejudice. As the plaintiff argues, the action did not merely seek a declaration as to its liabilities to the owners with respect to Bissoon's claim. Rather, it sought a declaration as to all claims growing out of the aforementioned fire, including the owners' counterclaim for lost rental income, as well as a declaration that the relevant insurance policy was void ab initio. Thus, it is factually distinguishable from the cases of *Allstate Ins. Co. v Hertz Corp.* (119 AD2d 612) and *Terry v Farmer's Ins. Co. of Ariz.* (236 AD2d 829) relied on by the Supreme Court. In any event, the issue of prematurity was not the subject of the motion and cross motion, and the Supreme Court should not have reached this issue (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430).

However, contrary to the plaintiff's contention, that branch of its motion for summary judgment which was for a judgment declaring that the subject insurance policy was void ab initio was properly denied. Its sole proof that material misrepresenta-

tions were made which, if known, would have resulted in a denial of coverage, was the conclusory statement of its claims representative. As that statement was not supported by any internal underwriting documentation or the relevant portions of its underwriting manual, it was insufficient as a matter of law to support the granting of its motion (*see Alaz Sportswear v Public Serv. Mut. Ins. Co.,* 195 AD2d 357, 358; *cf. Estate of Threatt v American Centurion Life Assur. Co.,* 251 AD2d 284; *Mehta v New York Life Ins. Co.,* 203 AD2d 8; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.