■ In the Matter of the Estate of ELIZABETH P. WANG, Deceased. ANN W. HOUCK et al., Respondents; LILY WANG et al., Appellants. [776 NYS2d 486]—Motion by the appellants on appeals from (1) a decision of the Surrogate's Court, Suffolk County, dated August 8, 2002, (2) an order of the same court dated October 18, 2002, (3) a decree of the same court dated October 18, 2002, and (4) letters testamentary of the same court dated October 25, 2002, to strike the brief of the petitioner-respondent and the respondents-respondents on the ground that it refers to matter dehors the record, and cross motion by the petitioner-respondent and the respondents-respondents to strike the appellants' brief and reply brief, and to dismiss the appeals on the ground that the brief and the reply brief raise issues that are not properly raised on the appeals. By decision and order on motion of this Court dated November 12, 2003, the motion and cross motion were referred to the justices hearing the appeals for determination upon the argument or submission thereto.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted to the extent that footnote 3 on page 30 and footnote 4 on page 35 of the brief of the petitioner-respondent and the respondents-respondents are deemed stricken and have not been considered in the determination of the appeals; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that the cross motion is denied.

The subject footnotes in the brief of the petitioner-respondent and the respondents-respondents (hereinafter the respondents) consist of allegations and/or information relating to other actions allegedly commenced by the parties hereto which are not related to this matter and allegations of the existence of another or different will which is not a part of this record. This information is dehors the record. Therefore, it would be improper to consider it (see Matter of Scuderi, 247 AD2d 393 [1998]; Allstate Ins. Co. v Hertz Corp., 119 AD2d 612 [1986]).

The appellants' brief alleges no new facts, but rather, raises legal arguments which could not have been avoided by the respondents if they had been raised in the Surrogate's Court. Thus, the arguments raised by the appellants may be considered (see Block v Magee, 146 AD2d 730 [1989]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.